**Claudious (Clifton) CHANNER,
Petitioner,**

v.

**DEPARTMENT OF HOMELAND
SECURITY, et al.,
Respondents.**

**No. CIV. 04CV1129 (JBA).**

United States District Court,
D. Connecticut.

Dec. 16, 2005.

Claudious Channer, Somers, CT, pro se.

Brenda M. Green, U.S. Attorney's Office, Bridgeport, CT, Richard T. Biggar, Attorney General's Office, Hartford, CT, for Respondents.

### *RULING ON PETITION FOR HABEAS CORPUS AND MOTION FOR TRANSFER*

ARTERTON, District Judge.

*Pro se* petitioner Claudious (Clifton) Channer brought a petition for a writ of habeas corpus on July 9, 2004 [doc. # 1], naming as defendants both the Department of Homeland Security and Warden David Strange, his custodian in state prison. On November 3, 2005 Channer filed a "Supplemental Complaint" [doc. # 19], and on December 1, 2005 he filed a motion for bond [doc. # 21]. The Government has filed motions to transfer this case to the Second Circuit pursuant to the "Real ID Act," *see* [docs. ## 17, 20]. For the rea-

sons that follow, the motions to transfer are denied, the habeas petition is dismissed, and the motion for bond is denied.

## I. Procedural Background

On January 9, 1990, Channer was convicted in this District of using and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). *United States v. Channer*, No. 2:89cr91(PCD). Judge Dorsey sentenced him to five years incarceration, which he served in FCI Ray Brook. *See* Govt Response to Order to Show Cause [doc. # 4] Ex. 1.

On November 29, 1990, Channer was convicted after a jury trial in Hartford Superior Court of robbery in the first degree and conspiracy to commit robbery, and sentenced to twenty years imprisonment to be served consecutively to the federal sentence. *Id.* Ex. 2.

On January 31, 1994, Channer was released from his federal sentence to the custody of the INS in Louisiana. On February 7, 1994, Channer was ordered deported, after a hearing, on the basis of the aggravated felony of which he was convicted in federal court. He appealed the deportation order, but subsequently withdrew the appeal and requested to be deported immediately. *Id.* Ex. 6–8. Instead, on March 21, 1994, Channer was transferred to state custody to begin serving his twenty-year robbery sentence.

On June 22, 1998, Judge Dorsey vacated the federal conviction, with the agreement of the Government. As a result, Channer's deportation on the basis of the federal conviction was vacated on August 26, 1998. *Id.* at Ex. 15. On February 11, 1999, the INS commenced a second deportation proceeding on the basis of Channer's state conviction, which concluded with a second order of deportation issued on April 16, 1999. Channer appealed, ar-guing that the second deportation proceeding was barred by res judicata, statute of limitations, and double jeopardy. The BIA denied the appeal, holding that res judicata did not apply because the deportation proceedings were brought on the basis of two separate convictions in two different jurisdictions, that "the definition of aggravated felony is applied without regard to the date of conviction," and that the prohibition against double jeopardy does not limit immigration proceedings, which are civil in nature. *Id.* Ex. 18.

On May 15, 2001, Channer brought a petition for habeas corpus in this district, captioned *Channer v. INS and Leslie Brooks*, 3:01cv876(SRU), which appears to have raised essentially the same issues as the BIA appeal. Judge Underhill dismissed the writ on March 25, 2003 on the basis that the petitioner was in state, not federal, custody. Channer moved for reconsideration, claiming he should have been given credit toward his state sentence for time spent in federal custody, which was denied because this was an issue of state law and "not the proper subject of a petition for writ of habeas corpus." Ruling on Mot. for Reconsideration, 3:01cv876(SRU), Doc. # 25.

Channer appealed to the Second Circuit, *Channer v. INS.*, No. 03–2383, which dismissed the appeal with prejudice against Warden Brooks and without prejudice against the INS, stating that Channer could file "a new petition" when his res judicata claim was ripe for review. Nonetheless, Channer immediately filed a motion in the district court to renew his petition, claiming that he had been voted to parole and that the state authorities had refused to release him to federal custody. Judge Underhill denied the motion be-cause the Second Circuit had instructed

him to file a new petition.[1]

Channer then filed the instant habeas petition, which sets forth two claims: first, that the 1999 deportation order "should be barred by claim preclusion and res judicata" because the INS "knew of or should have known of" his state conviction at the time it brought the first proceeding based on the federal conviction; and second, that "at the completion of the INS proceeding in 1994 INS erroneously return[ed] the petitioner to state custody," and that petitioner should get "credit for his vacated federal sentence toward his state sentence." Petition [doc. # 1] at 6–7.

In response to the Court's Order to Show Cause, the state and federal defendants filed their opposition briefs to the habeas petition. *See* [Docs. # 4, 14]. The Department of Homeland Security argued that, as of the time of its response in August 2004, the petitioner was still serving his robbery sentence in state custody, and therefore he was not in the custody of the federal government,[2] and even if he were, the petition should be denied because res judicata does not apply to sequential deportation proceedings brought on the basis of two separate convictions. On April 26, 2005, petitioner filed a response titled "Plaintiff's Traverse" [doc. # 15], reiterating his request to receive credit on his state sentence for his time in federal custody.

Subsequently, on August 15, 2005, the government filed a Notice of Applicability of Public Law 109–13 ("The Real ID Act of 2005") and Motion to Transfer [doc. # 17], seeking to transfer this case to the First Circuit, followed on November 15, 2005 by an Amended Motion to Transfer to the Second Circuit.

On November 3, 2005, petitioner filed a "Supplemental Complaint" [doc. # 19], representing that he had been voted to parole on October 12, 2005, and "the defendants are refusing to honor their promise to release the petitioner to his INS detainer." Attached to this pleading is an Inmate Request Form in which Channer asserts that he should have been released to his INS detainer within 48 hours of being paroled. On December 1, 2005, Channer filed a Motion Seeking Bond [doc. # 21], stating that he "was released from State custody on November 25, 2005 into B.I.C.E. custody," and requesting to be paroled to his family and a potential job in Connecticut.

## II. Discussion

### A. Supplemental Petition

■ Rule 15(d) of the Federal Rules of Civil Procedure provides:

Upon motion of a party the court may ... permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its

---

1. The Order further stated that "[w]hether or not a court hearing a new habeas petition brought by Channer will find the issue of his custody by the INS ripe for review will be informed by *Simmonds v. I.N.S.*, 326 F.3d 351 (2d Cir.2003). Nothing in this ruling should be read as commenting on the merits of Channer's argument." *Channer v. INS*, 3:01cv876(SRU), Doc. # 46.

2. Actually, Channer was subject to the final order of removal issued on April 16, 1999 (the BIA appeal was denied on November 8, 1999), and therefore was considered to be in INS custody. *Simmonds v. INS*, 326 F.3d 351, 354 (2d Cir.2003). The government also argued that the petition should be dismissed because Channer failed to name his state custodian as a respondent. Channer, in fact, named Warden Strange.

statement of a claim for relief or defense.

In this case, Channer did not file a motion for permission to supplement his habeas petition, but the government has not objected. Despite this deficiency the supplementary filing will be permitted.

■ Ordinarily, a supplemental pleading does not replace the original pleading. *Kemper Ins. Companies v. United States,* 2004 WL 1811390 at *2 (W.D.N.Y.2004) ("A supplemental complaint enables a plaintiff to plead facts which have accrued since commencement of action and which should be litigated with matters contained in original complaint . . . .") (internal quotation marks and citation omitted). However, Channer seeks irreconcilably different forms of relief in his original and supplemental habeas petitions. In the first petition, he challenges the legality of the 1999 deportation order. In his supplemental petition, he seeks to be released to his INS detainer, with the consequence that he would be deported pursuant to that detainer. In such a situation, the relief sought in the original and supplemental pleadings could not both be granted. Rather, it appears that through the passage of time, as events have evolved, Channer has changed the relief he seeks by way of his Supplemental Complaint.

The Court will therefore consider only the relief sought in the most recent Supplemental Complaint.

### B. Relief Requested

■ In his supplemental habeas petition, Channer seeks to be released from state custody to his INS (now BICE) detainer. In the Motion for Bond, Channer represents that this already has occurred, and he was released to BICE custody on November 25, 2005. Because Channer now has received the relief requested, his amended petition is moot and must be denied.

### C. Motion to Transfer

■ The Real ID Act purports to deprive the district courts of habeas jurisdiction to review orders of removal, 8 U.S.C. § 1252(a)(5), as added by § 106(a)(1)(B) of the Real ID Act, Pub.L. 109–13, and further provides that habeas cases "challenging a final administrative order of removal" be transferred to the courts of appeals to be treated as petitions for judicial review, Real ID Act, § 106(c). However, the law was "not intended to preclude habeas review over challenges to detention that are independent of challenges to removal orders." H.R. Cong. Rep. No. 109–72, at *43 2873 (May 3, 2005); *see Hernandez v.Gonzales,* 424 F.3d 42, 42–43 (1st Cir. 2005) (collecting cases).

In his supplemental complaint, Channer sought to be released from state custody, where he was serving a state sentence. His challenge to his detention in state custody apparently was based on a belief that the state should have released him to federal custody within 48 hours of the decision to award him parole.

Thus, Channer's supplemental complaint was not a challenge to his order of removal, but was a challenge to the amount of time between his parole and his release to BICE. This issue relates only to Channer's detention. Accordingly, the transfer provisions of Section 106 of the Real ID Act do not apply.

### III. Conclusion

For the reasons stated above, Channer's petitions for habeas corpus [docs. ## 1, 19], and his motion seeking a ruling [doc. # 18] are DENIED. The motion for bond [doc. # 21] is DENIED. The government's motions to transfer [docs. ## 17,

20] also are DENIED and this case will be closed.

IT IS SO ORDERED.